**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
**FIRST AMERICAN BULK CARRIER CORPORATION,**

                  Plaintiff,          04 Civ. 9922 (LLS)

  v.

                                          OPINION AND ORDER

**VAN OMMEREN SHIPPING (USA) LLC, and VAN OMMEREN USA INC. and DOES 1 through 10 Inclusive,**

                  Defendants.
------------------------------------x

1. Leave to Amend Complaint

The question has arisen whether Strong Vessel Operators LLC ("SVO") has taken over the business and affairs of defendant Van Ommeren Shipping (USA) LLC and become its successor-in-interest or alter-ego, and is liable under a charter in Van Ommeren's place, i.e., whether it has become the Charterer. SVO is willing to have the arbitrators decide that question. Plaintiff, First American Bulk Carrier Corporation ("FABC") insists the question should be decided by the Court: it points out that the arbitration agreement does not cover that question, but "specifically limits arbitration to 'disputes between the Owners and Charterers,' making the issue of 'who is the Charterer' the seminal question to be decided by this court before the merits are submitted to arbitration." (Ptf.'s Reply Mem. p. 7, emphasis in original). FABC did not agree to arbitrate with anyone who is not the "Charterer." Thus, whether

SVO is a party with whom FABC has an agreement to arbitrate is a question for the Court, which should determine it before arbitration between the two is compelled. If SVO is Van Ommeren's successor-in-interest and liable for Van Ommeren's obligations, it is not only a Charterer bound to arbitrate (as SVO is willing to do) but is also bound by the arbitrators' award. If SVO is not Van Ommeren's successor-in-interest and its alter-ego as Charterer, then FABC is under no obligation to waste its efforts on an arbitration whose results might not bind SVO.

In Hidrocarburos y Derivados, C.A. v. Lemos, 453 F. Supp. 160, 174 (S.D.N.Y. 1977), the court addressed whether certain corporations were "owners" under a contract, thus binding them to any arbitration award, and stated: "The statute quite clearly mandates resolution of such questions prior to the arbitration hearing and award." The court continued:

> The question is one for the Court to determine, not the arbitrators. Orion Shipping & Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299 (2d Cir. 1963). A threshold issue is whether that determination should be made before the arbitration, within the context of a petition to compel arbitration under § 4; or after the arbitration, within that of a motion to confirm the award under 9 U.S.C. § 9. Orion, supra, strongly suggests the former.
>
> . . . .
>
> I read Orion and Fisser v. International Bank, 282 F.2d 231 (2d Cir. 1960), cited in Orion,

-2-

> to require that the alter ego theory, and any other theory determinative of the identity of parties to an arbitration agreement, be tested by an action to compel arbitration under § 4, prior to the arbitration hearings. While this conclusion necessarily delays those hearings, there is much to be said for determining who are the parties to the arbitration before the arbitrators hear the merits.

Id. at 176-177 (footnote omitted).

Therefore, FABC has leave to amend its complaint to add SVO as a defendant so that the Court may determine, prior to arbitration, whether SVO is the successor-in-interest to Van Ommeren and a "Charterer" under the charter agreement, bound by the arbitrators' decision.

## 2. Maritime Attachment

Plaintiff has leave to file pleadings to obtain an order authorizing process of attachment under Fed. R. Civ. P. Supp. Rule B because defendants cannot be "found" in this district.

"A defendant could be 'found' only if it was 1) subject to personal jurisdiction within the district and 2) capable of being served with process there." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 441 (2d Cir. 2006). Therefore, the defendant must "be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." Seawind Compania, S.A. v. Crescent Line, Inc., 320

-3-

F.2d 580, 583 (2d Cir. 1963). "The defendant's general appearance by counsel in this matter does not serve as a bar to the issuance of an order for process of maritime attachment." Parkroad Corp. v. China Worldwide Shipping Co., 2005 U.S. Dist. LEXIS 11122, at *4 (S.D.N.Y. June 6, 2005).

SVO argues that because it has agreed to arbitrate in New York, it is subject to personal jurisdiction in this district. The court in Mariac Shipping Co., Ltd. v. Meta Corp., N.V., 2005 U.S. Dist. LEXIS 10315, **2-3 (S.D.N.Y., May 27, 2005) disposed of that argument:

> To be sure, an agreement to arbitrate in New York at least arguably is a consent to personal jurisdiction here for purposes relating to enforcement of the arbitration agreement. Even assuming the continued vitality of that principle, however, the consent goes no farther than proceedings relating to enforcement of the arbitration agreement.

SVO has made no showing that it has the requisite contacts to be "found" in this district.

SVO argues that it is amenable to jurisdiction in the District of Connecticut, which is adjacent to the Southern District of New York. Courts have discretion to vacate an attachment if the defendant would be subject to in personam jurisdiction in an adjacent jurisdiction convenient to the plaintiff. However, the "adjacent district" is generally viewed as one of another federal court within the same state (such as

the Eastern District to the Southern District of New York), not one in a different state, even if the two states are adjacent.

Therefore, because defendants cannot be "found" in this district, FABC has leave to file an application for an order authorizing process of attachment under Rule B.

### 3. Countersecurity

SVO argues that "the court should require FABC to post countersecurity before entering an Order of Attachment against SVO's assets." Defendants' Memorandum of Law in Opposition to Plaintiff's Motions to Amend and Attach p. 10.

Supplemental Rule E(7)(a) states:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. . . .

The rule provides for security on a counterclaim only when that party "has given security for damages", which SVO has not done. Accordingly, no duty has yet arisen for FABC to give SVO security with respect to a counterclaim which has not been pleaded.

## Conclusion

FABC may amend its complaint to add Strong Vessel Operators LLC as a defendant, and may apply for a Rule B attachment of its assets.

The pending arbitration is stayed until SVO's status as Charterer is determined by the Court, or until further order.

SVO's application for countersecurity from FABC is denied as premature.

So ordered.

Dated: New York, New York
      March 19, 2008

                                            /s/ Louis L. Stanton
                                                LOUIS L. STANTON
                                                     U.S.D.J.